# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. DAVIS,<br><br>      Plaintiff,<br><br>    v.<br><br>SULLIVAN, et. al.,<br><br>      Defendants.<br>_____/ | CV F   05 789 OWW SMS P<br><br>ORDER CONSTRUING PLAINTIFF'S MISCELLANEOUS MOTION AS MOTION TO AMEND COMPLAINT (Doc. 22.)<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT (Doc. 22.) |

    Michael A. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 25, 2005, in the Sacramento Division of the Eastern District of California.  The case was transferred and received in this Court on June 16, 2005.  On January 11, 2006, Plaintiff filed an Amended Complaint contending he is being unconstitutionally confined indefinitely in the Secured Housing Unit.

    On May 18, 2006, Plaintiff filed a Motion titled "Motion based on opposition 602 grant . . ."  In this Motion, Plaintiff complains that he is being required to cut off his hair and thus, is being discriminated against.  The Court CONSTRUES this as a Motion to Amend the Complaint to include this new claim as it is unrelated to the claim raised in the Amended Complaint.

    The Motion to Amend the Complaint, however is DENIED.  According to the Inmate Appeals attached to the Motion, Plaintiff first grieved his hair issue on May 26, 2006, after he initiated this action on May 25, 2005.  Pursuant to the Prison Litigation Reform Act ("PLRA") of

1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). ***Exhaustion must occur prior to filing suit.*** McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002) (emphasis added).  Thus, a plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.

In light of the above, Plaintiff's Motion to Amend the Complaint is DENIED as futile. Should Plaintiff wish to pursue this claim for relief, he must first exhaust his administrative remedies and then file a separate civil rights action.

IT IS SO ORDERED.

**Dated:   May 23, 2006**                        **/s/ Sandra M. Snyder**
icido3                                            UNITED STATES MAGISTRATE JUDGE

2