1
2
3
4
5
6                UNITED STATES DISTRICT COURT
7                  EASTERN DISTRICT OF CALIFORNIA
8
9    MICHAEL A. DAVIS,                    CV F   05 789 OWW SMS P

            Plaintiff,
10                                         ORDER DENYING MOTION TO
     v.                                    RECONSIDER ORDER DENYING MOTION
11                                         TO AMEND COMPLAINT (Doc. 24.)

12   SULLIVAN, et. al.,                    ORDER DENYING MISCELLANEOUS
                                           MOTION (Doc. 25.)
13                 Defendants.
     _____/
14

15        Michael A. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

16   in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May

17   25, 2005, in the Sacramento Division of the Eastern District of California.  The case was

18   transferred and received in this Court on June 16, 2005.  On January 11, 2006, Plaintiff filed an

19   Amended Complaint contending he is being unconstitutionally confined indefinitely in the

20   Secured Housing Unit.

21        On May 18, 2006, Plaintiff filed a Motion titled "Motion based on opposition 602 grant .

22   . ."  In this Motion, Plaintiff complained that he is being required to cut off his hair and thus, is

23   being discriminated against.  The Court construed this Motion as a Motion to Amend the

24   Complaint to include this new claim.   The Court also denied the request as it was clear from the

25   Motion and documents attached that Plaintiff had not exhausted his administrative remedies with

26   respect to the allegations concerning his hair.

27        On June 9, 2006, Plaintiff filed a Motion to reconsider the decision denying the Motion to

28   Amend.  Plaintiff also filed a Motion titled "Pleading Motion In Accordance to Illegal

                                    1

1   Administrative Segregation Being Held Unlawfully of Indeterminate (SHU) of False

2   Imprisonment and Good Time Credits In Support of Plaintiff." (Doc. 25.)  The Court will

3   address each Motion in turn.

4   **A.  Motion for Reconsideration**

5         Motions to reconsider are committed to the discretion of the trial court.  <u>Combs v. Nick</u>

6   <u>Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th

7   Cir. 1983) (en banc).  The Local Rules provide that when filing a motion for reconsideration, a

8   party  show that the "new or different facts or circumstances claimed to exist which did not exist

9   or were not shown upon such prior motion, or what other grounds exist for the motion."   Local

10  Rule 78-230(k)(3).

11        In this case, Plaintiff states that the documents attached indicated that the appeal was filed

12  in 2005 and not 2006.  Thus, Plaintiff alleges, he completed the exhaustion of administrative

13  remedies prior to initiating this suit.  The Court has examined the documents provided by

14  Plaintiff again and although Plaintiff is correct, that the year indicated in the documents is 2005,

15  Plaintiff initiated this action on May 25, 2006, which is reflected by the Court stamp on the

16  Complaint submitted.  (Doc. 2.)   Plaintiff states in the very Motion for Reconsideration that the

17  grievance concerning the "hair issue" was originally filed on "May 26, 2005 . . . and not 2006."

18  (Motion at 1.)  Plaintiff overlooks the case law provided in the Court's prior order which states

19  clearly that ***exhaustion must occur prior to filing suit.***  <u>McKinney v. Carey</u>, 311 F.3d 1198,

20  1199-1201 (9th Cir.2002) (emphasis added).  All the remaining appeals concerning the hair issue

21  were addressed *after* May 25, 2006, when Plaintiff initiated this action. Accordingly, his request

22  for reconsideration is DENIED and Plaintiff may not amend the Complaint to include a claim

23  that was not exhausted prior to filing this action.  This holding, however, does not preclude

24  Plaintiff from filing an entirely separate civil rights action regarding the hair issue.

25  **B.  MISCELLANEOUS MOTION**

26        Also on June 9, 2006, Plaintiff filed a miscellaneous Motion concerning his detention in

27  administrative segregation, which he alleges is indefinite and is causing him to be confined

28  "beyond his release date."  Plaintiff asks that the Court restore his good time credits and order his

1  release from what he deems is "false imprisonment."

2        Plaintiff's allegations are not cognizable in a civil rights action and thus, his Motion will

3  be denied.   When a prisoner challenges the legality or duration of his custody, or raises a

4  constitutional challenge which could entitle him to an earlier release,[1] his sole federal remedy is a

5  writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d

6  874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).

7        Moreover, when seeking damages for an allegedly unconstitutional conviction or

8  imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed

9  on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

10  make such determination, or called into question by a federal court's issuance of a writ of habeas

11  corpus, 28 U.S.C. § 2254." <u>Heck v. Humphrey</u>, 512 U.S. 477, 487-88 (1994).  "A claim for

12  damages bearing that relationship to a conviction or sentence that has not been so invalidated is

13  not cognizable under § 1983." <u>Id.</u> at 488.  The Court finds that Plaintiff has failed to state a

14  cognizable claim for relief.  The Motion is therefore, DENIED.

15  **C. CONCLUSION**

16        The Court HEREBY ORDERS:

17  1.     The Motion for Reconsideration of the Order Denying the Motion to Amend is

18         DENIED; and

19  2.     Plaintiff's Miscellaneous Motion seeking restoration of credits and release from

20         administrative segregation is DENIED.

21

22  IT IS SO ORDERED.

23  **Dated:    June 16, 2006**                    **/s/ Sandra M. Snyder**
24  icido3                                        UNITED STATES MAGISTRATE JUDGE

25

26

27  _____

28        [1]The restoration of good time credits affects the duration of Plaintiff's confinement and thus, it is cognizable
    in a habeas corpus action.