# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. DAVIS,

          Plaintiff,

   v.

SULLIVAN,

          Defendants.

CV F   05-789 OWW SMS P

ORDER CONSTRUING MOTION TO HAVE MAGISTRATE JUDGE REMOVED OR REPLACED AS MOTION FOR RECUSAL (Doc. 29.)

ORDER DENYING MOTION FOR RECUSAL (Doc. 29.)

ORDER DENYING MOTION FOR SERVICE OF COMPLAINT (Doc. 30)

    Michael Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 25, 2005, in the Sacramento Division of the Eastern District of California.  The case was transferred and received in this Court on June 16, 2005.  On January 11, 2006, Plaintiff filed an Amended Complaint contending he is being unconstitutionally confined indefinitely in the Secured Housing Unit.

    On May 18, 2006, Plaintiff filed a Motion titled "Motion based on opposition 602 grant . . ."  In this Motion, Plaintiff complained that he is being required to cut off his hair and thus, is being

discriminated against. The Court construed the Motion as a Motion to Amend the Complaint and denied the Motion on May 25, 2006, on the basis that Plaintiff's new claims arose after he initiated this action and thus, he could not have administratively exhausted those claims *prior to* the filing of this suit which is required by the Prison Litigation Reform Act. Thus, the Motion was denied as futile.

On June 9, 2006, Plaintiff filed a pleading titled "Motion to Reevaluate Decision" to deny the Motion to Amend. The Court denied Plaintiff's request for reconsideration on June 19, 2006, on the same basis that he did not exhaust *prior to* initiating this action and thus, could not include the new allegations.

On June 28, 2006, Plaintiff filed a second Motion to Amend the Complaint which is currently pending before the Court. On June 10, 2006, Plaintiff moved to have the undersigned removed/replaced. Plaintiff contends that the undersigned should be replaced because the undersigned held that Plaintiff's administrative remedies were not met which was in error. Plaintiff further states that the denial constituted "direct prejudice" toward Plaintiff and is in violation of his constitutional rights. (Motion at 1.)

Also on June 28, 2006, Plaintiff filed a Motion to have his Complaint served on the Defendant. Plaintiff states that he is willing to pay the filing fees and have friends serve the summons in order to expedite the process.

**A. MOTION FOR REMOVAL**

Plaintiff seeks to have the undersigned removed or replaced in this case. The Court construes this request as a Motion for Recusal pursuant to Title 8 U.S.C. § 455. Section 455 provides:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
>   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>   (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>   (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in

>controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>>(I) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>(ii) Is acting as a lawyer in the proceeding;
>>(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.
>
>(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

28 U.S.C. § 455. Under section 455, a judge has an affirmative duty to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." Liteky v. United States, 510 U.S. 540, 555 (1994) (*citation omitted*). The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997); United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986). The Ninth Circuit reviews the court's denial of a section 455 motion for recusal is reviewed for abuse of discretion. United States v. Chischilly, 30 F.3d 1144, 1149-1150 (9th Cir.1994).

Further, the alleged bias must stem from an "extrajudicial source." Liteky v. United States, 510 U.S. at 554-56; United States v. Hernandez, 109 F.3d 1450, 1454 (9th Cir. 1997). The Ninth Circuit had held that rulings by a court during the course of a case cannot be extra-judicial conduct. See Hasbrouck v. Texaco, Inc., 830 F. 2d 1513, 1523-24 (9th Cir. 1987); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F. 2d 1538, 1548 (9th Cir. 1988).

In this case, Plaintiff's request is based on his dissatisfaction with the Orders issued by the undersigned and concerning his Motion to Amend his Complaint. However, the dissatisfaction with Court rulings is not a proper reason for recusal and Plaintiff's allegations do not demonstrate a showing of "deep-seated and unequivocal antagonism that would render fair judgment impossible." Liteky, 510

U.S. at 555. Accordingly, Plaintiff's Motion for recusal is DENIED.[1]

**B. MOTION FOR SERVICE OF THE COMPLAINT**

Plaintiff has moved the Court for service of his Complaint. Plaintiff states that in order to expedite the process he is willing to pay a professional process server or have a friend or relative serve the Complaint on his behalf.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

With respect to service, the Court will, *sua sponte*, direct the United States Marshal to serve the Complaint *only after* the Court has screened the Complaint and determined that it contains cognizable claims for relief against the named Defendants. As the Court has yet to screen Plaintiff's case, the Court cannot order service of the Complaint. As the Court has a significant number of prisoner civil rights cases pending before it, it will screen Plaintiff's complaint in due course. Plaintiff is informed that the Court has before it, at any given time, hundreds of similar cases many of which are also awaiting screening. As the Court has limited resources, it process cases in the order that they are filed. Plaintiff is encouraged to keep the Court informed of his current address so that he can be informed when any action is taken in his case. Until such time as the Complaint is screened, however, no Order directing the U.S. Marshal to serve the Complaint will issue.

**C. ORDER**

1. The Motion to have the undersigned removed or replaced is CONSTRUED as a Motion for recusal under 28 U.S.C. § 455.

---

[1] The Court notes further that Plaintiff's characterization of the Court's denial of his Motions to Amend is incorrect. The Court did not find that Plaintiff did not exhaust his administrative remedies, the Court held that Plaintiff did not exhaust them *prior to* the filing of this action with regard to the new claims. Under the PLRA, a plaintiff must exhaust all of his claims against the named defendants *prior to filing suit*. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002) (emphasis added). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201. In this case, the new claims did not arise until *after* Plaintiff filed this action. Thus, Plaintiff could not have exhausted his remedies prior to initiating this action. Plaintiff was informed of this in two prior Orders of the Court.

2. The Motion for Recusal is DENIED; and

3. The Motion for Service of the Complaint is DENIED.

IT IS SO ORDERED.

**Dated:**   **July 17, 2006**       /s/ Sandra M. Snyder
icido3             UNITED STATES MAGISTRATE JUDGE