# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. DAVIS,<br><br>        Plaintiff,<br><br>  v.<br><br>SULLIVAN,<br><br>        Defendants.<br>_____/ | CV F 05-789 OWW SMS P<br><br>ORDER DENYING MOTION FOR REASSIGNMENT (Doc. 33.)<br><br>ORDER DENYING MOTION TO HAVE UNDERSIGNED REMOVED AND REPLACED AND ASSIGNED TO DISTRICT COURT JUDGE (Doc. 34.)<br><br>ORDER DENYING MOTION TO MANDATE DEFENDANT TO RELEASE RELEVANT DOCUMENTS (Doc. 35.) |

    Michael Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 3, 2006, Plaintiff filed a Motion for Reassignment of Judge. Plaintiff submitted a similar motion titled "Motion to Have U.S. Magistrate Snyder Removed and Replaced and Reassigned to a U.S. District Judge" on August 18, 2006. On January 3, 2007, Plaintiff filed a pleading titled "Motion to Mandate Defendant to Release Relevant documents pertaining to the present active case." The Court will

1

address each motion in turn.

**A.  MOTION FOR REASSIGNMENT**

Plaintiff states that pursuant to Local Rule 73-305, he has the right to request that a case be reassigned to a U.S. District Judge and thus, he exercises that right to have this case removed from the undersigned.

Plaintiff's interpretation of Local Rule 73-305 is incorrect.  Local Rule 73-305 provides that the parties may "consent to have a Magistrate Judge conduct any and all proceedings."  Local Rule 73-305(a).  Upon consent, the case is then referred to the Magistrate Judge for all proceedings, including disposition of the case.  Local Rule 72-304(a) provides that the Magistrate Judges in this District shall hear certain matters and dispose of them as appropriate. The undersigned's disposition of many of the Motions filed in Plaintiff's case are in accordance with her authority under Local Rule 72-304, and 28 U.S.C. § 636.  Contrary to Plaintiff's belief, however, Plaintiff has no right under Local Rule 73-305(a) to choose to have only the District Court Judge hear his case.  Accordingly, Plaintiff's Motion for Reassignment to District Court Judge is DENIED.

**B.  MOTION FOR REMOVAL, REPLACEMENT AND REASSIGNMENT**

On August 18, 2006, Plaintiff filed a second motion making the same assertions as he did in the prior Motion for Reassignment.  Plaintiff again states that pursuant to 28 U.S.C. § 636(c)(2) he can move to have his case reassigned to a District Court Judge.  As stated above, Section 636(b) authorizes a District Court to refer cases and certain matters to the Magistrate Judge assigned.  The Local Rules of the Eastern District of California require the assigned Magistrate Judges to hear all non-dispositive matters and resolve them and issue Findings and Recommendations to the District Court Judge assigned on dispositive matters.  The federal statute cited by Plaintiff does not give him the right to have his case reassigned solely to the District Court Judge.  Accordingly, the Motion for Removal, Replacement and Reassignment is DENIED.

**C.  MOTION TO MANDATE RELEASE OF DOCUMENTS**

On January 3, 2007, Plaintiff filed a Motion requesting the Court issue an Order requiring

2

1  the Defendants to provide him with certain documents.  Plaintiff states that he has written to the
2  Court several times regarding his right to "access to court" which includes getting all legal
3  documents pertaining to his case.  Plaintiff states that his rights are being violated under the
4  authority of the Warden and that the Court should now intervene.  Other than this one page
5  statement, plaintiff provides no information as to what documents he seeks or how his right of
6  access is being impeded.  Even had Plaintiff provided sufficient information, however, his
7  request would be denied.

8      As a preliminary matter, the Court is required to screen complaints brought by prisoners
9  seeking relief against a governmental entity or officer or employee of a governmental entity.  28
10 U.S.C. § 1915A(a). Plaintiff was informed of this requirement in the Court's Order denying a
11 Motion for service of the Complaint issued on July 18, 2006.

12     As stated there, the Court has yet to screen Plaintiff's case to determine whether or not it
13 states a cognizable claim for relief.  Until such a determination is made, the Court can and will
14 not enter an order to serve the defendants with the summons and complaint and answer the
15 allegations of the Complaint.  Until an Answer is filed, discovery cannot be had.  This means that
16 Plaintiff cannot obtain relevant documents relating to his case using the mechanism of discovery.
17 Plaintiff may obtain any documents he is entitled to through the prison process without the use of
18 the discovery device, however, he may not obtain assistance of the Court until such time as
19 discovery is opened.

20     Second, the right to access the courts is limited to direct criminal appeals, habeas corpus
21 proceedings, and civil rights actions challenging conditions of confinement.  Id. at 354-55.
22 While this is a civil rights proceeding, the Supreme Court has held that the Supreme Court
23 defined prisoners' right of access to the courts as simply the "right to bring to court a grievance."
24 Lewis v. Casey, 518 U.S. 343, 354 (1996).  The Court specifically rejected the notion that the
25 state must enable a prisoner to "litigate effectively once in court."  Id. (*quoting and disclaiming*
26 *language contained in* Bounds v. Smith, 430 U.S. 817, 825-26 (1977)); see also Cornett v.
27 Donovan, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the
28 courts is limited to the pleading stage of a civil rights action or petition for writ of habeas

corpus).  Plaintiff's complaint about obtaining document concerns his ability to litigate effectively in this action.  Based on the aforementioned authority, Plaintiff's Motion to release documents is DENIED.

**D.  ORDER**

    The Court HEREBY ORDERS:

    1.    The Motion for Reassignment of Judge is DENIED;

    2.    The Motion to Have U.S. Magistrate Judge removed, replaced and reassigned is DENIED; and

    3.    The Motion to mandate Defendant to release documents is DENIED.

IT IS SO ORDERED.

Dated:    **January 8, 2007**        /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE