1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. DAVIS,                              CV F   05 789 OWW SMS P

                    Plaintiff,

                                               FINDINGS AND RECOMMENDATIONS TO
          v.                                   DISMISS ACTION (Doc. 20.)

SULLIVAN, et. al.,

                    Defendants.
_____/

    Michael A. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 25, 2005, in the Sacramento Division of the Eastern District of California.  The case was transferred and received in this Court on June 16, 2005.  On January 11, 2006, Plaintiff filed an Amended Complaint contending he is being unconstitutionally confined indefinitely in the Secured Housing Unit.  The Amended Complaint names the Director of Corrections and Warden Sullivan as Defendants.

**A.  SCREENING REQUIREMENT**

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

5  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

6  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8  complaint under this standard, the court must accept as true the allegations of the complaint in

9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

10  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12  **B. EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13      Plaintiff indicates on the form Complaint that although he filed administrative grievances

14  concerning the issues alleged in the Amended Complaint, at the time he submitted the Amended

15  Complaint, January 11, 2006, the grievance process was not completed.  (Amended Complaint at

16  2.)[1]

17      Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be

18  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

19  a prisoner confined in any jail, prison, or other correctional facility until such administrative

20  remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Section 1997e(a)

21  exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435

22  U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of

23  the relief sought by the prisoner and regardless of the relief offered by the process, as long as the

24  administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner,

25  532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need

26

27      [1]Upon review of the original complaint submitted on , although Plaintiff checked the box indicating that the
28  grievance process was completed, he states that Court must order the prison officials to hear his 602 as they have
   obstructed justice.

not meet federal standards, nor must they be 'plain, speedy, and effective." ' Porter, 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5).  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  Thus, plaintiff may not exhaust while the suit is pending.  McKinney, 311 F.3d at 1199-1201.

Because is it clear from the face of the Amended Complaint that Plaintiff did not exhaust the available administrative remedies ***prior to filing suit,*** this action must be dismissed.  42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

**C. RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the instant action be DISMISSED for lack of exhaustion.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 16, 2007**                                    **/s/ Sandra M. Snyder**
icido3                                                             UNITED STATES MAGISTRATE JUDGE